**Fletcher H. NICHOLS, Plaintiff,**

v.

**Honorable Anthony CELEBREZZE, Secretary of United States Department of Health, Education & Welfare, Social Security Administration, Washington, D. C., Defendant.**

Civ. No. 6–1546–C.

United States District Court
S. D. Iowa,
Central Division.

May 19, 1965.

Paul G. James and Russell Jordan, Des Moines, Iowa, for plaintiff.

Donald A. Wine, U. S. Atty., and Philip T. Riley, Asst. U. S. Atty., Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

Fletcher H. Nichols instituted this action against the Secretary of Health, Education and Welfare pursuant to Section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), as amended, for judicial review of the final decision of the Secretary denying Nichols' application to establish a period of disability and for disability benefits under Sections 216(i) and 223 of the Act, 42 U.S.C.A. §§ 416(i) and 423.

Claimant filed his application for disability insurance benefits on November 2, 1962. Nichols stated in his application that he was 59 years old and that his occupation was a "self-employed truck driver." Physical impairments listed were "hip and left leg, compound fracture didn't heal," and the date of beginning disability therefrom as "November 22, 1961."

The Bureau of Old Age and Survivors Insurance denied Nichols' application, both initially and upon reconsideration, on the basis that Nichols had not established his inability to engage in substantial-gainful employment by reason of a medically determinable impairment. Thereafter in accordance with the provisions of the Act a hearing was held on January 8, 1964, before a Hearing Examiner. The Hearing Examiner's decision was in accord with that of the Bureau and upon the Appeals Counsel's denial of claimant's request for a review, the Examiner's decision became the Secretary's final decision.

Title 42 U.S.C.A. § 405(g) provides in pertinent part, " * * * the findings of the Secretary as to any fact, if supported by substantial evidence shall be conclusive, * * *." What amounts to substantial evidence to support such an administrative determination, however, is a matter of law for this Court to determine after a review of the whole record. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). This Court is not free to substitute its findings of fact or inferences therefrom for that of the Secretary. The Court must only determine if there is a rational basis in the record for the Secretary's conclusions. Hoffman v. Ribicoff, 305 F.2d 1, 6 (8th Cir. 1962); Cody v. Ribicoff, 289 F.2d 394, 396, 88 A.L.R.2d 970 (8th Cir. 1961).

Nichols had the burden of establishing the disability which he claimed. See, e. g., Celebrezze v. Sutton, 338 F.2d 417, 418 (8th Cir. 1964); Celebrezze v. Bolas, 316 F.2d 498, 500 (8th Cir. 1963); Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir. 1960). And the specific statutory tests of disability which Nichols had to meet are set forth in the recent case of Celebrezze v. Bolas, supra, 316 F.2d at 501 as follows:

"The statutory definition of disability imposes the three-fold requirement (a) that there be a 'medically determinable physical or mental impairment which can be expected to result in death or be of long continued and indefinite duration'; (b) that there be an 'inability to engage in any substantial gainful activity'; and (c) that the inability be 'by reason of' the impairment. Pollak v. Ribicoff, 2 Cir., 1962, 300 F.2d 674, 677."

It appears from the record and from the briefs furnished the Court by counsel that claimant graduated from high school in 1922 and began working in his father's trucking business; he acquired a knowledge of the handling of commodities and the storage of materials. From 1930 to 1941 claimant was in partnership with his father in the trucking business.

During the war years, from November 1941 to January 1946, he worked at the Des Moines Ordnance Plant. Initially he was a "receiving foreman" and later a "general foreman of raw material stores." In both capacities plaintiff's duties were supervisory in nature and he was able to additionally develop his knowledge in the directing, handling, and storing of materials. After the war ended plaintiff purchased a truck and went into the business of hauling large construction items. He operated the business, did all of the driving, and employed labor as required to load and unload materials. This was the way plaintiff made a living until November 22, 1961.

The disability of which plaintiff complains was caused by two independent accidents, the first of which occurred in 1958. At that time plaintiff injured his back in a fall, but returned to work in three or four months. The second and most significant accident occurred on November 22, 1961. Plaintiff was on top of a truckload of steel when he was knocked off and fell breaking the left tibia slightly below the knee.

The first medical examination after plaintiff filed his application took place on November 6, 1962. The examining physician was Dr. Gibson, who had attended plaintiff at the time of the November, 1961 accident. It also appears that Dr. Gibson performed a bone graft operation on plaintiff's fractured left tibia on April 21, 1962, after it refused to unite by natural processes. Dr. Gibson in his report concerning the November 6, 1962, examination stated, " * * * I expect him to be able to work again in 6–12 months."

On March 25, 1963, Dr. D. W. Blair, an orthopedic surgeon, examined plaintiff for the purpose of evaluating his disability. Dr. Blair's medical findings are part of the record now before the Court. He found a healed fracture of the left tibia and fibula, healed compression fracture of L-1 vertebra, scoliosis, lumbar region of the spine, and osteoarthritis of the spine.

On June 14, 1963, Dr. Gibson, plaintiff's treating physician, reported that plaintiff "lacks few degrees of extending left knee. Has union of fracture." In a letter attached to this report Dr. Gibson stated " * * * At the time I suggested that he make more of an effort to try to perform the duties which are required of him in his business which is the moving of heavy equipment * * *."

Dr. Dubansky, an orthopedist, examined plaintiff on July 30, 1963, finding a 50% limitation in his back motion and that plaintiff's left tibia had shortened one-half inch. However, he further stated that the hips and pelvis appeared normal with full, equal hip and knee motion. There was early degenerative changes in his left knee, but the fractured left tibia appeared well healed and in good position and alignment. Dr. Dubansky also related in his report that plaintiff was at that time experiencing pain.

Dr. Cooper, an orthopedist, saw plaintiff on September 17, 1963. His medical findings were similar to Dr. Dubansky's; however, he recommended a course of butazolidin medication for the purpose of relieving "his symptomatology."

After the adverse decision of the Hearing Examiner, plaintiff filed with the Appeals Council two additional medical reports. One by a Dr. Wirtz and the other by Dr. Cooper, who had examined plaintiff previously. Dr. Wirtz' report adds no new medical facts except he does state that a spinal fusion would not be recommended. Dr. Cooper's report consists of a review of his previous findings, but no new medical facts. Both of these additional reports generally concluded that plaintiff was disabled and unable to engage in any substantial gainful employment.

The medical reports are a part of the record, but the foregoing is sufficient to indicate that there is a difference of opinion concerning the extent of plaintiff's disability. In addition to the medical reports there is other evidence in the record which supports the Secretary's findings such as certain parts of plain-

tiff's testimony regarding his physical activity.

■■ The Court finds, therefore, that there is substantial basis for the Secretary's decision that the plaintiff failed to establish that he is unable to engage in any substantial gainful activity. Had this case been tried to a jury, Nichols would not have been entitled to a directed verdict and the jury verdict either way would have been conclusive. By the same token, in the present case the Secretary resolved the difference against the plaintiff and this Court may not substitute its judgment for that of the Secretary's. If the Secretary's decision is wrong, it is an error of fact that is not subject to correction by this Court. Celebrezze v. Bolas, supra, 316 F.2d at 506.

■ Plaintiff contends that the Hearing Examiner erred in concluding that his condition was remediable. The Court can find no medical facts which support the Hearing Examiner in this regard, that is, that an operation would relieve plaintiff's condition. In fact, Dr. Wirtz in his report filed with the Appeals Council, stated that a spinal fusion would not be recommended. The Hearing Examiner's conclusion that plaintiff's condition was remediable was an improper assumption. However, this does not permit the Court to reverse the findings of the Secretary. There is other evidence heretofore set out which substantially supports the Secretary's ultimate finding.

■ In regard to what jobs would be available to plaintiff, it should be said that the Secretary does not have the burden of finding a specific employer and a specific job. The plaintiff should exercise some effort and ingenuity in finding work that suits his capabilities.

■ Plaintiff in oral argument and in his briefs furnished the Court raises a constitutional question based upon the fact that he did not have an attorney to represent him at the hearing before the Hearing Examiner. Plaintiff alleges that certain employees of the Social Security Administration and the Hearing Examiner himself informed him that he did not need to be represented by an attorney. Under the due process clause of the Fourteenth Amendment to the Constitution, plaintiff was entitled to a full and fair hearing at some stage of the proceedings. It appears clear to the Court after having examined the transcript of the hearing before the Hearing Examiner that plaintiff's interests would have been better protected if he had been represented by an attorney inasmuch as a claimant under the Act has the burden of proving he is entitled to benefits. However, the Court cannot say that the hearing before the Hearing Examiner was so void of fairness that it violated constitutional due process requirements. In addition, it is shown in the record that Mr. Paul James, an attorney and a qualified member of the bar of this Court was engaged by Nichols sometime after the Hearing Examiner's decision was rendered. Nichols, by his attorney, appealed to the Appeals Council and filed with that agency additional evidence and a brief wherein he raised the issue of lack of counsel in the hearing before the Hearing Examiner. Although the Appeals Council declined to formally review the Hearing Examiner's decision, this Court presumes that they did so only after a full and fair examination of the record, plaintiff's brief, and the additional evidence plaintiff submitted to them.

It is ordered that the motion of the plaintiff, Fletcher H. Nichols for summary judgment be denied.

It is further ordered that an appropriate judgment be entered in favor of the defendant upon the claim of the plaintiff.