Frederick H. **CONDON**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 2949.**

United States District Court
D. New Hampshire.

Oct. 17, 1969.

---

Richard B. Couser, Orr & Reno, Concord, N. H., for plaintiff.

David A. Brock, U. S. Atty., Concord, N. H., for defendant.

### OPINION

BOWNES, District Judge.

This is an action brought under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g) (Supp. IV 1968), for review of a final decision of the Secretary of Health, Education and Welfare. Both plaintiff and defendant have moved for summary judgment.

On May 9, 1967, the plaintiff filed an application for the establishment of a period of disability under section 216(i) of the Act, 42 U.S.C. 416(i) (Supp. IV 1968), and for entitlement to disability insurance benefits under section 223 of the Act, 42 U.S.C. § 423 (Supp. IV 1968), alleging the onset of a disability on February 28, 1967. The Social Security Administration denied this application on September 16, 1967, and on reconsideration, affirmed its decision on November 18, 1967. Plaintiff then requested a hearing before an examiner and one was held on June 4, 1968. The examiner, on August 9, 1968, found that the plaintiff had not been prevented from working for a period of at least twelve months, and ruled that he was not entitled to disability insurance payments. The plaintiff sought review of the decision by the Appeals Council, and on November 14, 1968, the Appeals Council upheld the decision, which became the final decision of the Secretary subject to review here.

The facts are not in dispute. The plaintiff originally filed an application for disability insurance benefits in March of 1962, alleging inability to work due to "multiple injuries (principally paraplegia) as a result of an automobile accident on July 23, 1961." His application was approved, and he received payments for himself, his wife, and four minor children until October, 1964, when, after a nine-month trial work period, it was determined that he was able to work again.

The plaintiff continued working until February, 1967, when, due to leg pains, he underwent two operations at the Massachusetts General Hospital. These operations were partially successful, and on July 10, 1967, he returned to work.

The plaintiff filed another application for disability benefits for the period February, 1967, to July, 1967. Benefits for this period were denied on the grounds that the "disability requirements" of the Act, relative to inability to work for a twelve-month period, had not been met.

The pertinent provisions of the Act provide:

(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *.

[42 U.S.C. §§ 423(d) (1) (A) and 416(i) (1) (A) (Supp. IV 1968)][1]

It has been stipulated that the plaintiff has a medically determinable physical impairment which has lasted and can be expected to last for a continuous period of more than twelve months.

The sole issue before this Court is: Whether or not the plaintiff is entitled to the establishment of a period of disability and the payment of disability insurance benefits, on the basis of his inability to engage in any substantial gainful activity for a continuous period of less than twelve months (i. e., five months) by reason of a medically determinable physical impairment which has lasted and can be expected to last for a continuous period of more than twelve months.

The plaintiff argues that the twelve-month requirement refers to the "medically determinable physical or mental impairment." The defendant argues in opposition that the twelve-month requirement refers to the "inability to engage in any substantial gainful activity."

A grammatical analysis of the language of the statute lends credence to the plaintiff's position. If there were a comma between the words "impairment" and "which," clearly the twelve-month requirement would refer to a claimant's inability to work by reason of any medically determinable physical or mental impairment. Since there is no comma, it can be fairly argued that the twelve-month requirement refers to the physical or mental impairment rather than the inability to work. Further, it does not make much semantic or grammatical sense to modify the phrase "inability to engage in any substantial gainful activity * * *" by the phrase "which can be expected to result in death * * *," since it is clear that it is the impairment "which can be expected to result in death." But grammatical analysis of a statute is only one approach to legislative intent, and legislative grammar often falls short of accurately expressing the legislative intent. The Court must, therefore, seek other aid in determining what the legislative intent was behind the words of the Act.

The cases cited in the plaintiff's brief,[2] do not really consider the issue

---

1. This is a quotation of § 423(d)(1)(A) which is identical to § 416(i)(1)(A) except with respect to some minor punctuation.

2. Pierce v. Gardner, 388 F.2d 846 (7th Cir. 1967); Celebrezze v. Bolas, 316 F. 2d 498 (8th Cir. 1967); Murphy v. Gardner, 379 F.2d 1 (8th Cir. 1967);

posed in this case. The issue in those cases was whether or not the claimant actually had an impairment which rendered him unable to engage in any substantial gainful activity. Thus the language cited by the plaintiff is not only dicta, but dicta which was not even directed at this issue.

The case of Santagate v. Gardner, 293 F.Supp. 1284 (D.Mass.1968), relied on by the defendant, is not much more help. The issue in that case was:

> [W]hether a man is "physically impaired" while undergoing therapeutic rehabilitation necessary for him to enter "any substantial gainful activity". At 1288.

Since there is no definitive case law on our question, we turn to the legislative history. It is clear that the original purpose of the Act was to provide security for those unable to work due to old age, and more recently, to provide security for those unable to work due to physical impairments. In 1965, Congress amended the sections of the statute with which we are now concerned, changing the language following "result in death" from "or to be of long continued and indefinite duration * * *" to "or has lasted or can be expected to last for a continuous period of not less than twelve months * * *." The Senate Committee Report 404,[3] in dealing with the changes in the above language stated:

> The House bill would broaden the disability protection afforded by the Social Security program by providing disability insurance benefits for an insured worker who has been totally disabled throughout a continuous period of 6 calendar months. The committee believes that the House provision could result in the payment of disability benefits in cases of short-term, temporary disability * * *. The committee believes, therefore, that it is necessary to require that a worker be under a disability for a somewhat longer period than 6 months in order to qualify for disability benefits. As a result, the committee's bill modifies the House bill to provide for the payment of disability benefits for an insured .worker who has been or can be expected to be *totally* disabled throughout a continuous period of 12 calendar months. [Emphasis added.]
>
> * * * *
>
> The modification in the definition of disability recommended by the committee does *not change* the requirement in existing law that an individual must by reason of his impairment be unable "to engage in any substantial gainful activity." [Emphasis added.]

 This Report, which was accepted in Conference,[4] cannot be ignored, nor is it susceptible to different interpretations. It is clear that Congress intended that a worker actually be out of work for a continuous period of twelve months before he became entitled to disability insurance benefits.

Therefore, plaintiff's motion for summary judgment is denied; and defendant's motion for summary judgment is granted.

So ordered.

Hayes v. Gardner, 376 F.2d 517 (4th Cir. 1967) ; Branham v. Gardner, 383 F.2d 614, 615 (6th Cir. 1967); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966) ; Easttam v. Secretary of Health, Education and Welfare, 364 F.2d 509 (8th Cir. 1966); Nichols v. Gardner, 361 F. 2d 963 (8th Cir. 1966) ; Brasher v. Celebrezze, 340 F.2d 413 (8th Cir. 1965); Cclebrezze v. Sutton, 338 F.2d 417 (8th Cir. 1964) ; Pollak v. Ribicoff, 300 F.2d 674 (2nd Cir. 1962) ; Johnson v. Gardner, 284 F.Supp. 230 (C.D.Calif.1968) ; Underwood v. Gardner, 267 F.Supp. 802 (W.D.Mo.1967) ; Jones v. Gardner, 282

F.Supp. 56 (W.D.Ark.1966) ; Nichols v. Celebrezze, 243 F.Supp. 921 (S.D. Iowa 1965) ; Brill v. Celebrezze, 232 F.Supp. 296 (E.D.N.Y.1964) ; Blanscet v. Celebrezze, 217 F.Supp. 859 (W.D.Ark. 1963).

3. Sen.Rep. No. 404, 89th Cong., 1st Sess., U.S.Code Cong. & Adm.News pp. 1943, 2038–39 (1965).

4. Conf.Rep. No. 682, 89th Cong., 1st Sess., U.S.Code Cong. & Adm.News, pp. 2228, 2249 (1965).