Marie HAVERLY

v.

**Wilbur J. COHEN.**

**Civ. A. No. 68-2063.**

United States District Court,
E. D. Pennsylvania.

March 30, 1970.

I. Robert Shapiro, Allentown, Pa., for plaintiff.

Merna B. Marshall, Asst. U. S. Atty., for defendant.

## OPINION

HIGGINBOTHAM, District Judge.

### I.

This is a suit under Section 205(g) of the Social Security Act, as amended 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare (hereinafter "HEW") adverse to plaintiff. Defendant has moved for summary judgment as has plaintiff by a motion filed February 2, 1970. There was argument before the Court and both parties have filed briefs.

On June 12, 1967, the plaintiff filed an application for disability insurance benefits. This was supplemented by a second application filed two days later. Plaintiff sought to qualify for disability benefits under the following definition of disability contained in sections 216(i) (1) and 223(c) (2) of the Social Securi-

ty Act, as amended 42 U.S.C.A. § 416(i) (1) and 423(d) (1) (A):

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

In answer to the question, "What is your disability?" plaintiff replied: "Orthopedic Surgery also Kidney infection." Plaintiff stated that because of her disability she became unable to work on January 11, 1967.

On November 30, 1967, a Disability Determination was issued by HEW. It was determined that the plaintiff was not under a disability and that she "would be capable of returning to her former occupation as a solderer * * * on or before 1–10–68." [sic 1967]. Since impairment was not expected to last more than twelve months, plaintiff was found not to be under a disability. Plaintiff's application for disability insurance benefits was denied by letter dated December 7, 1967.

Plaintiff's Request for Reconsideration was determined adversely to her by letter of February 6, 1968. The Director of the Division of Reconsideration stated in part: "On January 17, 1968, you did resume work. Although you were not employed for more than twelve months, it is determined that during the latter part of this time you were capable of employment."

Thereafter, plaintiff requested and was granted a hearing which took place on April 18, 1968. In a six page decision dated May 22, 1968, the hearing examiner concluded that plaintiff was not entitled to disability insurance benefits. Plaintiff's request for review of the hearing examiner's decision was denied on July 22, 1968, whereupon the hearing examiner's decision became the final decision of the Secretary of HEW, subject to judicial review in this Court.

## II.

Both parties agree that the sole issue for my determination is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff failed to establish that she had become disabled within the meaning of the Social Security Act as amended. Was there substantial evidence in the record to support the Secretary in his decision that plaintiff was not suffering an impairment or combination of impairments which could be expected to result in death or which had lasted or could be expected to last for a continuous period of not less than twelve months?

The hearing examiner found that plaintiff had a "combination of impairments which precluded her from working, during the period from January 11, 1967 to September, 1967, the approximate date laboratory and clinical tests revealed no evidence of active tuberculous infection." But the record is totally lacking in any, let alone substantial evidence to support this finding.

In the file I find a letter from Dr. John E. Hoffman, M.D., under date of October 24, 1967. He states that plaintiff "is taking Streptomycin by injection * * * twice weekly, she is on PAS tablets * * * 3 times daily, she is also on INH taking tablets * * * 3 times a day * * *." Dr. Hoffman concludes: "at this time I believe that the patient could not rightfully return to her employment as previously outlined because of the continued therapy for her tuberculous infection."

In answer to questions propounded by the Disability Determination section of the Bureau of Vocational Rehabilitation, Dr. Lawrence Horowitz, M.D., sometime after November 15, 1967, stated: "PT [patient] remains symptomatic re pain but culture is negative." The government's heavy reliance on the negative laboratory tests is misplaced. Clinical symptomatology of renal tuberculosis continued to exist after November 15,

1967. In the Report of Contact of the Allentown District Office of the Social Security Administration for December 11, 1967, it is noted that the patient "is still running temperature and is taking 27 pills a day."

On Friday, January 12, 1968, Dr. Paul Post, M.D., wrote of the plaintiff she "May return to work 1/17/68." As I read the doctor's words, I understand them to mean that plaintiff could not return to work on Monday, January 15, 1968, or Tuesday, January 16, 1968, but that she must wait until Wednesday, January 17, 1968—six full days after the statutory one year period had elapsed.

 A letter from Dr. Horowitz, dated February 27, 1968, states: "I see no reason the patient cannot work *at this time*." (Emphasis added.) Thus the communications from both Drs. Post and Horowitz state that plaintiff may return to work *after* the expiration of more than one year. There is no support for the Secretary's statement that "although you were not employed for more than twelve months, it is determined that during the latter part of this time you were capable of employment." Or again the finding that plaintiff could have returned to work sometime after September of 1967. While it is certainly true that the mere fact that an individual did not work for a period of more than twelve months is not conclusive evidence that she could not work, neither is it evidence that she could. Under the applicable statutes plaintiff is entitled to compensation if she is disabled for one year, and the record fails to reveal any evidence to show that plaintiff was not disabled for at least one year.

 Just as the Government could claim the twelve month defense if plaintiff were disabled one day less than one year, fairness requires that the Government be precluded from raising the defense where plaintiff in fact was disabled for only one year or for not much more than one year. In close cases the judgment of disability becomes more difficult, but a close case does not give the Government the right to extend the required disability period from twelve months to twelve months and seven days. Accordingly, plaintiff is entitled to collect disability insurance benefits under the Social Security System.

### ORDER

AND NOW, this 30th day of March, 1970, it is hereby ORDERED that:

(1) Plaintiff's motion for summary judgment is granted.

(2) Defendant's motion for summary judgment is denied.

(3) Plaintiff shall collect those disability insurance benefits under the Social Security System to which she is entitled in accordance with this Opinion for the period January 11, 1967, to January 16, 1968.