**William C. WHITE, Jr., Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–179–J.**

United States District Court,
D. Massachusetts.

April 8, 1970.

Donald A. Macksey, Michael E. Meccas, Powers, Hall, Montgomery & Weston, Boston, Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

## OPINION

JULIAN, District Judge.

The plaintiff brought this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare.

The factual background is undisputed. Plaintiff was born on May 12, 1907 and was awarded a Master's Degree in Business Administration in 1931. He became disabled on June 22, 1958 because of acute transverse myelitis and arrested glaucoma. The myelitis resulted in paraplegia requiring plaintiff to use crutches for ambulation. The plaintiff was under a disability as defined under the Act prior to and after the Amendments of 1965, which commenced on June 22, 1958 and continued through January 31, 1965. He became entitled to and received disability benefits from the Social Security Administration.

From May 1964 through August 14, 1966 plaintiff worked at home preparing statistical reports on sales volumes of several department stores. The job terminated when the Retail Trade Board

decided to discontinue reporting these statistics. On December 5, 1966, after what the hearing examiner described as "an exhaustive search throughout the Eastern Seaboard," plaintiff obtained employment with the Cambridge Redevelopment Authority.

In this action plaintiff seeks to recover disability benefits from August 14, 1966 to December 4, 1966.

The prior administrative proceedings are as follows. On August 23, 1966 the plaintiff filed an application for the establishment of a period of disability under section 216(i) of the Act (42 U.S.C. § 416(i)) and for entitlement to disability insurance benefits under section 223 of the Act (42 U.S.C. § 423), alleging the onset of a disability. On December 16, 1966 a hearing was held before a hearing examiner of the Social Security Administration. On February 21, 1967 the hearing examiner decided that plaintiff was disabled from August 14, 1966 to December 4, 1966 and thus entitled to disability insurance benefits from August 1966 to February 1967 (see 42 U.S.C. § 416(i)). On May 16, 1967 the Appeals Council, on its own motion (20 C.F.R. § 404.947), decided to review the hearing examiner's decision, and on September 13, 1967 rendered a decision that plaintiff was not entitled to a period of disability or to disability insurance benefits on the basis of his application of August 23, 1966. On January 18, 1968 plaintiff requested the Appeals Council to reopen its decision or, in the alternative, to grant plaintiff an extension of time, pursuant to 20 C.F.R. § 404.954, to commence a civil action. The Appeals Council denied plaintiff's request to reopen its decision, but granted him permission to commence a civil action by March 8, 1968.

The following excerpt from the affidavit filed by the defendant in response to this Court's order of December 4, 1969, clarifies the issue before the Court:

"(b) Relative to the period from August 14, 1966, to December 4, 1966, the hearing examiner stated:

'Due to the multiplicity and severity of claimant's medical condition, it is clear that medical considerations alone would ordinarily consider claimant as being prevented from engaging in substantial gainful activity. From August 14, 1966 through December 4, 1966, claimant was not engaged in any substantial gainful activity, despite extensive efforts to obtain employment. He was still suffering essentially from the same condition which caused his original disability. Claimant is found to have been disabled for that period. * * *'

"He therefore found that during this period when the plaintiff was not engaged in work activity:

'4. Claimant, again as a result of his paraplegia and other multiple impairments, all of which have been of long-continued and are of indefinite duration, was prevented from engaging in substantial gainful activity from August 14, 1966, to December 4, 1966, but not thereafter.

'5. Claimant is entitled to a period of disability commencing on August 14, 1966, and ending with the month of February 1967, based on his application filed August 23, 1966.'

"The hearing examiner accordingly held that based on the application filed on August 23, 1966, the plaintiff was entitled to a period of disability as stated above and to disability insurance benefits for the months of August 1966 through February 1967.

"(c) In the Appeals Council's decision, it is set forth that sections 216(i) and 223 of the Social Security Act define 'disability' as 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous peri-

od of not less than 12 months.' The inability to work by reason of impairment must last for a continuous period of at least 12 months.

"It was found that 'since the claimant's inability to work by reason of his impairment continued only from August 14, 1966, to December 4, 1966, a period of less than 12 months,' he was not under a 'disability' within the meaning of the Social Security Act, and could not be found entitled to a period of disability or disability insurance benefits for such period.

"(d) The Appeals Council did not disturb the findings of the hearing examiner regarding the existence and duration of the plaintiff's impairments. The Appeals Council decided, however, that the period from August 14, 1966, to December 4, 1966, during which the plaintiff was incapable of work activity was not of 12 months' duration and that, therefore, he was not entitled to a period of disability or to disability insurance benefits under the Act for this period.

"(4) It may be inferred from the Appeals Council's decision of September 13, 1967, that the plaintiff was found to have a medically determinable physical impairment which has lasted or could be expected to last for a continuous period of not less than 12 months."

Both parties admit that the decision of the Appeals Council constitutes the final decision of the Secretary. The complaint was filed in this court on February 27, 1968.

Plaintiff filed a motion for judgment on the pleadings; defendant filed a motion for summary judgment. A hearing was held on the motions.

■ The central dispute in this case, which involves a question of statutory construction, focuses on sections 216(i) (1) and 223(d) (1) of the Social Security Act (42 U.S.C. §§ 416(i) (1) and 423(d) (1)). The issue is whether, for purposes of establishing a period of disability and entitlement to disability in-

surance benefits, plaintiff was disabled within the meaning of sections 216(i) and 223(d) of the Act (42 U.S.C. §§ 416 (i) and 423(d) from August 14, 1966 to December 4, 1966. Both sections define disability. In section 216(i) of the Act (42 U.S.C. § 416(i)):

"the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months  *  *."

In section 223(d) of the Act (42 U.S.C. § 423(d)):

"[t]he term 'disability' means— (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months  *  *  *."

Thus, the definitions are identical except for one word—section 223(d) has an additional "which" not found in section 216(i) (" * * * be expected to result in death or *which* has lasted * * *."). I am unable to discern how the addition of "which" at that place changes the meaning of the definition one iota and, consequently, I construe the definitions to be identical in meaning.

The position of the Appeals Council, in denying plaintiff's claim, was that he was not disabled within the meaning of the applicable sections. The Council reasoned that to meet the definition of "disability" plaintiff's inability to work by reason of his impairment must last, or be expected to last, for a continuous period of not less than 12 months. In this case plaintiff's inability to work continued only from August 14, 1966 to December 4, 1966, a period of less than 12 months.

Plaintiff's position, on the other hand, is that the inability to work need not

last 12 months. Rather plaintiff asserts that it is the physical or mental impairment which must have lasted, or be expected to last, for a continuous period of not less than 12 months. In this case there is no dispute that plaintiff's impairments have lasted for a continuous period of more than 12 months. As the hearing examiner observed, under the Social Security regulations plaintiff's infirmities alone create a presumption of disability without inquiry into his ability to perform gainful activity. In this case it was only because the plaintiff actually engaged in substantial gainful activity that the presumption was rebutted and the benefits terminated.

■■ For the reasons which follow it is my view that the plaintiff's view should prevail. The policy of these sections of the Social Security Act, to provide benefits for certain disabled persons, indicates that the Act should be construed to include rather than exclude claimants. Numerous cases have held that a liberal construction, favoring disability claimants, should be applied when such a construction is reasonable. *Combs v. Gardner*, 1967, 6 Cir., 382 F.2d 949, 956; *Rasmussen v. Gardner*, 1967, 10 Cir., 374 F.2d 589, 594–595; *Santagate v. Gardner*, 1968, D.Mass., 293 F.Supp. 1284, 1289; *Cancel v. Gardner*, 1967, D.P.R., 268 F.Supp. 206, 209; *Drafts v. Celebrezze*, 1965, E.D.S.C., 240 F.Supp. 535, 538; *Miles v. Celebrezze*, 1964, W.D.S.C., 233 F.Supp. 767, 770–771.

In this case the dispute arises from an apparent ambiguity as to the meaning of the word "which" in sections 216(i) (1) and 223(d) (1) of the Act. Does "which" modify "inability" or "impairment" or both? For two principal reasons it is my opinion that "which" modifies "impairment." First, in the sentence defining "disability," the word "which" is physically located adjacent to "impairment" but 17 words removed from "inability." Although counting words in a sentence is not a conclusive guide to understanding the meaning of the sentence, it may safely be stated that, for clarity, adjectival clauses are ordinarily placed in proximity to the modified word. And, although the meaning intended to be ascribed the sentence by the Congress cannot be absolutely deduced from that premise, this canon of construction helps to increase the *probability* that Congress intended "which" to modify "impairment." [1]

The second and more compelling reason for concluding that "which" modifies "impairment" is the awkward result which attaches to the opposite construction. If "which" modifies "inability" then the clause would read as follows: "which [inability] can be expected to result in death * * *." Certainly, it is not the inability to engage in any substantial gainful activity that can reasonably be expected to result in death. Rather, it is the physical or mental impairment which may result in death, just as it is such impairment which must cause the inability to work.

Counsel for defendant contend that this construction ("which" modifies "impairment") opens a loophole in the statute. Since disability benefits continue for two months following the month in which disability ceases (section 216 (i) of the Act, 42 U.S.C. § 416(i)), defendant contends that "plaintiff could by working one out of every three months maintain a continuous eligibility for the receipt of disability benefits." Defendant's objection is farfetched and does not pose a realistic problem.

It is highly improbable, considering the difficulties genuinely disabled persons face in seeking and finding employment (witness the experience of the plaintiff), that such a person would succeed in finding a new job every third month.

1. One might even suppose, had Congress intended "which" to modify "inability," that it would either have repeated the word "inability" or would have rearranged the structure of the sentence to place "which" closer to "inability."

Under the defendant's interpretation a claimant receiving disability benefits who, finding himself able to do so, engages in some gainful employment for a limited period of time, not only ceases to receive benefits during such period, but is also deprived of benefits for the 12 months following such period even though unable to engage in any gainful activity by reason of his impairment. More in accord with common sense and sound policy is an interpretation which would not discourage claimants such as the plaintiff here from making every effort to find gainful work.

The issue presented in this case appears to be one of first impression. No case, suggested by the parties or disclosed by research, is directly in point. One case does state that the inability to work must persist for 12 months or more,[2] but the context of that decision was whether claimant's physical impairments were remediable and, if so, whether claimant was able to commence "any substantial gainful activity" within 12 months.

Two other cases helpful in resolving the problem of statutory construction support the position that the word "which" modifies "impairment." In Laws v. Celebrezze, 1966, 4 Cir., 368 F.2d 640, the question was whether the claimant was "disabled" within the statutory definition. In concluding that he was not, the Court employed a "two-step process" for determining disability:

"First, there must be a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;

and, second, there must be a factual determination that the impairment actually renders claimant unable to engage in any gainful employment."
(Footnote omitted.)

*Id.*, at 643. Obviously, the thrust of this process is that the impairment, not the inability, must last for 12 months. Hayes v. Celebrezze, 1965, 5 Cir., 349 F.2d 561, although concerned with the definition of "disability" prior to the 1965 Amendments, viewed the process for determining disability in substantially the same way.[3]

Although the case law on the issue is inconclusive, the legislative history of the 1965 Amendments and the Secretary's regulations promulgated under them furnish support for plaintiff's position that the word "which" relates to "impairment." Prior to 1965 disability was defined as:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Sections 216(i) (1) and 223(d) (1) of the Social Security Act (42 U.S.C. §§ 416(i) (1) and 423 (d) (1) (Historical Note 1965 Amendment)). The 1965 Amendments broadened the disability protection by changing the time requirement to 12 months. In discussing the change, the Senate Finance Committee noted in its Report:

"The modification in the definition of disability recommended by the committee [12 months] does not change the requirement in existing law that an individual must by reason of his impair-

---

2. Santagate v. Gardner, 1968, D.Mass., 293 F.Supp. 1284, 1287, 1289. To the extent that this case can be construed to hold that the clause in question relates to "inability" and not to "impairment," I decline to follow it.

3. Plaintiff cites two other cases—Kerner v. Celebrezze, 1965, 2 Cir., 340 F.2d 736; Wiley v. Flemming, 1961, D.Ore., 198 F.

Supp. 705—as indicating that the critical factor is the claimant's condition at the time of his application. However, all that may safely be inferred from these opinions is that disability may be established without waiting for 12 months to elapse. These opinions do not support the proposition that the 12-month requirement refers either to impairment or to inability.

ment be unable 'to engage in any substantial gainful activity.' "

1965 U.S.Code Cong. & Adm.News, p. 2039. It is submitted that this passage indicates that the 12-month time requirement refers to "impairment" rather than "inability." The Conference Report, regarding the variances between the House and Senate versions of the Amendments, also supports the plaintiff's position.

"The bill as passed by the House struck out the requirement that the individual's *impairment* be one which can be expected to result in death or to be of long-continued and indefinite duration. The effect, in general, would be to take an *impairment* into account for disability freeze and disability insurance benefit purposes if the period of disability included 6 consecutive calendar months. [House version.]

"Under Senate amendment No. 312, the *impairment* must be one which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

"The House recedes with a technical amendment." [Emphasis added.]

1965 U.S.Code Cong. & Adm.News, p. 2249.

The regulations promulgated by the Secretary suggest that his interpretation also is that "which" modifies "impairment." The regulation detailing the considerations to be employed in determining whether an impairment constitutes a disability contains the following:

"On the other hand, medical considerations alone * * * can * * * justify a finding that the individual is under a disability where his *impairment* is one that meets the duration requirement in § 404.1501 [12 months] * * *." [Emphasis added.]

20 C.F.R. § 404.1502 (1969). Similarly, the Secretary's characterization of what constitutes an impairment indicates the same interpretation:

"The Listing of Impairments [in the Appendix] describes, for each of the major body systems, impairments which—

(1) Are of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity; and

(2) Are expected to result in death or to last for a continuous period of not less than 12 months."

20 C.F.R. § 404.1506 (1969).

In conclusion, construction of the statutory language, the legislative history of the statute, the administrative regulations adopted under the statute, prior case law, and sound policy, all favor plaintiff's position.

Defendant's motion for summary judgment is denied.

Plaintiff's motion for judgment is granted.

The decision of the defendant Secretary is reversed, and it is ordered that judgment be entered for the plaintiff.