**Robert L. ALEXANDER, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 71–1098.**

United States Court of Appeals, Tenth Circuit.

Dec. 2, 1971.

Rehearing Denied Jan. 10, 1972.

Robert A. Dufty, Denver, Colo., for plaintiff-appellant.

Michael H. Stein, Dept. of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., James L. Treece, U. S. Atty., Kathryn H. Baldwin, Dept. of Justice, Washington, D. C., with him on the brief), for defendant-appellee.

Before PICKETT, HILL and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

■ The question presented by this appeal is whether under the provisions of 42 U.S.C. § 423(d) an applicant, to be entitled to disability benefits under the Social Security Act, is required to establish that he was unable to engage in any substantial gainful activity for a period of twelve months in cases where there was some physical or mental impairment for a period of more than one year. After appellant Alexander's application for disability insurance under the Act had been denied administratively because of the determination that the alleged disability did not last for a continuous period of one year, he brought this action in the United States District Court of Colorado, as authorized by 42 U.S.C. § 405(g), to review the decision of the Secretary of Health, Education and Welfare. The trial court affirmed the Secretary's decision.

42 U.S.C. § 423(d), for the purposes of the Social Security Act defines disability as "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. * * *"

The facts are not in dispute. Alexander was unable to engage in a substantial gainful activity within the meaning of the statute because of a physical impairment, but this disability extended for a period of less than twelve months, although there was an impairment which lasted for more than one year. The argument is that a grammatical construction of the one-sentence statute defining disability leads to the conclusion that only the impairment is required to extend over the one-year period, and that this requirement does not apply to the term, "inability to engage in any substantial gainful activity." Stated differently, Alexander's analysis of the statute is that if his impairment extended for a period of one year or more, he was entitled to benefits if for a lesser period he could not engage in a substantial gainful activity. Alexander's argument arises from the position of the word "which" immediately following the phrase, "any medically determinable physical or mental impairment." He contends that applying applicable grammatical rules, the word "which" has reference only to "impairment" and does not modify the disability provisions. Citing White v. Finch, 311 F.Supp. 307 (D.Mass.1970). The purpose of the statute and its legislative history disclose the fallacy of this argument.

To recover disability benefits under the Act an applicant must be unable to engage in any substantial gainful activity. Disability is established by showing a medically determinable mental or physical impairment which prevents engaging in any gainful activity. Inability to engage in any gainful activity and the impairment which causes it cannot be separated. The two components of disability must exist at the same time. The statute, which defines disability, not impairment, speaks only of an impairment which can be expected to result in death or to last for a continuous period of at least twelve months and one which will disable a person seeking disability benefits for a like period. For example, an applicant may have an injury from which he has lost one of his hands. The result is a physical impairment for the remainder of his life, but if he is able to engage in any gainful activities within a year from his injury he is not entitled to benefits. We think the legislative history of this statute supports this interpretation.

Prior to the 1965 amendment, the statutory definition of disability provided that disability benefits were payable only in cases where the disability was expected to result in death or would be of a long continued and indefinite duration. In seeking to eliminate this indefinite provision, the 1965 amendment proposed by the House of Representatives provided that such benefits would be payable to a claimant who had been totally disabled for at least six months, even though it was expected that he would recover in the foreseeable future. Report of the Ways and Means Comm., H.Rept. No. 213, 89th Cong., 1st Sess. p. 88. The Senate substituted a twelve-month duration requirement for the sixth-month requirement suggested by the House. In its report on the bill, the Senate Finance Committee stated:

> The House bill would broaden the disability protection afforded by the social security program by providing disability insurance benefits for an insured worker who has been totally disabled throughout a continuous period of 6 calendar months. The committee believes that the House provision could result in the payment of disability benefits in cases of short-term, temporary disability * * *. The committee believes, therefore, that it is necessary to require that a worker be under a disability for a somewhat longer period than 6 months in order to qualify for disability benefits. As a result, the committee's bill modifies

the House bill to provide for the payment of disability benefits for an insured worker *who has been or can be expected to be totally disabled throughout a continuous period of 12 calendar months*. (Emphasis supplied)

\* \* \* \* \* \*

The modification in the definition of disability recommended by the committee does not change the requirement in existing law that an individual must by reason of his impairment be unable "to engage in any substantial gainful activity." (Sen. Rept. No. 404, 89th Cong., 1st Sess. pp. 98–99) U.S.Code Cong. & Admin.News, p. 2039.

The Senate version became law.

■ Although White v. Finch, *supra*, and Condon v. Finch, 305 F.Supp. 63 (D. N.H.1969), are the only court decisions cited which have considered this exact question, other cases have indicated or assumed that the Act was designed to allow benefits only in cases where the insured's inability to engage in any substantial gainful activity extends for the minimum twelve-month period. Hayes v. Gardner, 376 F.2d 517 (4th Cir. 1970); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965); Haverly v. Cohen, 310 F.Supp. 388 (E.D.Pa.1970); Santagate v. Gardner, 293 F.Supp. 1284 (D. Mass.1968). Cf. Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971). Furthermore, the Secretary's interpretation of the statutory definition of disability, if reasonable, must be given effect. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964), United States v. Amer. Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L. Ed. 796 (1933); Ute Indian Tribe of Uintah and Ouray Reservation v. Probst, 428 F.2d 491 (10th Cir. 1970), cert. denied, Moorman v. Ute Indian Tribe of Uintah and Ouray Reservation, 400 U.S. 926, 91 S.Ct. 189, 27 L.Ed. 186 (1970);

Munitions Carriers Conference, Inc. v. American Farm Lines, 415 F.2d 747 (10th Cir. 1969); Garvey v. Freeman, 397 F.2d 600 (10th Cir. 1968).

Affirmed.