A. Total Time $ 653,687
   + Enhancement $ 308,745
   + Total Expenses $ 72,060

   = Total Award $1,034,492
   − Interim Awards $ 231,969
   = Balance Due $ 802,523

**Greg TITUS, et al., Plaintiffs,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 4–91–CV–70014.**

United States District Court,
S.D. Iowa, C.D.

Sept. 9, 1991.

Christine M. Luzzie, Iowa City, Iowa, H. Edwin Detlie, Michael DePree, Legal Services Corp. of Iowa, Ottumwa, Iowa, for plaintiffs.

John E. Beamer, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION, RULING GRANTING MOTION TO DISMISS, AND ORDER

VIETOR, Chief Judge.

Plaintiffs Greg Titus, et al., bring a class action suit for declaratory and injunctive relief against defendant Louis Sullivan, Secretary of Health and Human Services (Secretary), alleging that certain policies of the Secretary violate portions of Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.*, various regulations, and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. The Secretary moves to dismiss, and plaintiffs resist. The parties presented oral arguments, and the motion is submitted.

According to the complaint, the named plaintiffs—Greg Titus, Timothy Jordan, John Ingles, Eric Willey, Colleen Clark, and Randy Cowman—applied for Title II benefits, Title XVI benefits, or both, and the Social Security Administration denied their applications initially and on reconsideration. Plaintiffs bring suit on behalf of themselves and a class of persons defined in their complaint as:

All Iowa residents:

(a) who have claimed or are claiming disabled workers benefits (OASDI) or SSI disability benefits under the Social Security Act; and

(b) whose claims were denied or were terminated by the Social Security Administration in whole or in part on the grounds that the impairment has not or is not expected to keep the claimant from working for a continuous period of more than 12 months;

(c) excluding claimants who appealed the denial or denials and who have received a favorable decision at a higher administrative or court level, or who were denied because they returned to substantial gainful activity or who were not eligible for disability benefits for reasons not related to disability.[1]

Plaintiffs allege four claims for relief: (1) the Secretary's policy of denying claims on the ground that the claimant does not have an impairment which is expected to keep him or her from working for 12 consecutive months violates 42 U.S.C. § 423(d)(1)(A) and 20 C.F.R. §§ 404.1505(a), .1509; (2) the Secretary's policy of denying claims based on an assumption that the duration of impairment will be less than 12 months because the injury or impairment is one which is subject to improvement violates plaintiffs' right to an individualized disability determination and a decision based solely upon the evidence of record, and violates plaintiffs' rights under the due

---

1. During oral argument, plaintiffs' counsel made the following statement: "All six of the named plaintiffs in this case went on to appeal their cases, and all six of the named plaintiffs, with the exception of Timothy Jordan, were granted benefits at the administrative law judge level." Counsel did not say why Jordan was denied benefits. The named plaintiffs' receipt of benefits on appeal may raise a mootness problem. Because I do not have all the information I need to decide that issue, and because I dismiss the claims on other grounds, I will assume that the named plaintiffs' claims have not been mooted.

process clause of the Fifth and Fourteenth Amendments to the United States Constitution; (3) the Secretary's policy of failing to make every reasonable effort to secure a complete medical history for the preceding 12 months from treating physicians violates 42 U.S.C. § 423(d)(5)(B) and 20 C.F.R. §§ 404.1513(c)(1), (d); and (4) the Secretary's policy of failing to obtain from treating physicians statements of opinion or other medical evidence concerning duration of impairment does not fulfill the Secretary's duty to obtain a complete medical assessment before adjudicating applications for benefits and violates 20 C.F.R. §§ 404.-1513(c)(1), (d), and the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiffs base jurisdiction of this action on 42 U.S.C. § 405(g), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. §§ 2201, 2202 (declaratory judgment act). The Secretary moves to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

## I. FAILURE TO STATE A CLAIM

■ Plaintiffs' first claim is that the Secretary's policy contained in unpublished Programs Operations Manual System (POMS) DI 25505.015 and DI 25505.020 [2], and Social Security Ruling (SSR) 82–52, misapplies the duration requirement in 42 U.S.C. § 423(d)(1)(A), and 20 C.F.R. §§ 404.1505(a), .1509, in that the Secretary requires the claimant to show that the impairment has been or will be *disabling* for 12 months, instead of showing only that the *impairment* has lasted or will last for 12 months.

The Tenth Circuit, however, held that both the purpose of the statute and its legislative history support the Secretary's interpretation, and that interpretation, if reasonable, must be given effect. *Alexander v. Richardson*, 451 F.2d 1185, 1186–87 (10th Cir.1971), *cert. denied*, 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1972). I find the reasoning in *Alexander* persuasive;

therefore, plaintiffs' first claim will be dismissed for failure to state a claim upon which relief can be granted. Although plaintiffs' counsel argued during the hearing that the Secretary's interpretation as applied in Iowa also violates the statute and regulations, the complaint does not allege any meaningful difference between the Secretary's interpretation and its application in Iowa.

Because I dismiss the remaining claims in plaintiffs' complaint for lack of jurisdiction, I do not reach the Secretary's motion to dismiss for failure to state a claim as to those claims.

## II. JURISDICTION

The Secretary argues that plaintiffs do not meet the jurisdictional requirements of § 405(g), that mandamus jurisdiction is unavailable, and that the Declaratory Judgment Act does not provide a basis for jurisdiction. Because this is a "factual" attack on jurisdiction under Rule 12(b)(1), the court may consider matters outside the pleadings, and the plaintiffs do not have the benefit of the standard under a 12(b)(6) motion which requires the court to accept the facts alleged by plaintiffs in the pleadings and to view the facts and the inferences to be drawn from them in a light most favorable to plaintiffs. *See Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir.1990).

### A. 42 U.S.C. § 405(g)

■ Section 405(g) states that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he [or she] was a party, * * * may obtain a review of such decision by a civil action * * *." To obtain a final decision from the Secretary, a claimant must exhaust his or her administrative remedies. *Bowen v. City of New York*, 476 U.S. 467, 482, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986). For purposes of this motion I will assume that plaintiffs have not exhausted their administrative remedies, and that they have both lapsed claims and live claims.

**2.** Plaintiffs' counsel stated during oral argument, however, that the substance of the POMS

sections does not conflict with the Act or the regulations.

### 1. "Lapsed" Claims

The Court in *City of New York* waived exhaustion of administrative remedies for the class members who had not obtained a final decision, and whose 60–day time period in which to do so had lapsed prior to the filing of the suit. In *City of New York*, the district court found, and the parties did not challenge on appeal, that the Social Security Administration (SSA) followed a clandestine policy which presumed that mentally disabled claimants whose impairment did not meet or equal the listings necessarily retained the residual functional capacity to do at least unskilled work. *Id.* at 475, 106 S.Ct. at 2027. The district court cited, as proof of this covert policy, "internal memoranda and the 'returns' process by which the SSA sends cases back to the States for correction.". *Id.* at 474, 106 S.Ct. at 2026. The existence of a systemwide secret policy was central to the Court's decision to allow waiver of exhaustion as to those with "lapsed" claims. The Court said it would be unfair to penalize plaintiffs when they were unaware of the secret policy pursuant to which their benefits were denied. *Id.* at 482, 106 S.Ct. at 2031.

Plaintiffs' second, third, and fourth claims all concern the Secretary's failure to develop the medical record before adjudicating plaintiffs' applications. The only evidence of a secret policy underlying these claims is an unpublished Program Policy Statement (PPS) which plaintiffs do not identify more specifically. They argue that it prohibits adjudicators from requesting residual functional capacity (RFC) assessments from treating physicians, and that one result of that policy is a failure at the state level to obtain an opinion or other medical information from the treating physician regarding the past limiting effects of an impairment or its expected duration. Apparently, however, this PPS was subsequently modified and published as SSR 82–30, which in turn is based in part on published regulations. Even if SSR 82–30 were unpublished, however, it would not support the existence of the secret policy that plaintiff alleges. In order to assess RFC, SSR 82–30 requires evaluation of medical evidence, including: "medical history, clinical findings, laboratory findings, diagnosis, treatment prescribed and response, prognosis, and a medical assessment describing ability to do work-related activities.". At most, SSR 82–30 indicates that employees at the state level may have failed to follow the Secretary's policy in plaintiffs' cases, but it is not an example of a policy calling for that failure.

Plaintiffs also cite a "pattern" in claimants' denial notices in which the Secretary states that the impairment is not likely to last for 12 months even though the file contains no supporting documents. The fact that the Secretary determined that the alleged impairments were not likely to be disabling for 12 continuous months in a few cases involving distinct physical and mental impairments does not show that the Secretary has a secret policy of stereotyping certain impairments.

Plaintiffs have not shown the existence of a secret policy to fail to develop medical evidence, verifiable by written evidence or identifiable pattern. Therefore, exhaustion is not waived as to those plaintiffs who did not obtain a final decision and who also allowed the time period within which to obtain a final decision to lapse prior to the filing of this suit.

### 2. "Live" Claims

Those plaintiffs, if any, who had time remaining in which to exhaust their administrative remedies when they filed suit, have "live" claims. The "final decision" requirement in § 405(g) consists of two elements, only the first of which is nonwaivable: (1) the requirement that claimants present their claims for benefits to the Secretary; and (2) the requirement that claimants exhaust their administrative remedies. *City of New York*, 476 U.S. at 482–83, 106 S.Ct. at 2031–32. Plaintiffs satisfy the nonwaivable presentment requirement.

Plaintiffs may avoid the requirement of administrative exhaustion if their challenge to the Secretary's policies is collateral to their claims for benefits, and if they raise

at least a colorable claim of irreparable harm that would result if they were required to exhaust administrative remedies. *Id.* at 483, 106 S.Ct. at 2031; *see also Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The decision of whether or not to waive exhaustion also should be "guided by the policies underlying the exhaustion requirement." *City of New York,* 476 U.S. at 484, 106 S.Ct. at 2032. Exhaustion is generally required:

> as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975) (quoted in *City of New York,* 476 U.S. at 484, 106 S.Ct. at 2032).

I do not decide whether or not plaintiffs' claims are collateral to their claims of entitlement to disability benefits, because plaintiffs do not raise a colorable claim of irreparable harm due to exhaustion of administrative remedies. Because they have shown no secret policy, plaintiffs are able to challenge the denials of benefits as any other claimant can. This is not a case where plaintiffs have become dependent on benefits which have been terminated. Exhaustion of administrative remedies would cause plaintiffs no more harm than the average claimant who has been denied benefits in the initial phases of the process.

This case, where plaintiffs allege an agency failure to correctly apply its regulation in some individual cases, is distinguishable from *City of New York* in which the district court found a

> systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations. * * * The District Court found that the policy was being adhered to by state agencies due to pressure from SSA, and that therefore exhaustion would have been futile. Under these unique circumstances, there

was nothing to be gained from permitting the compilation of a detailed factual record, or from agency expertise.

*City of New York,* 476 U.S. at 485, 106 S.Ct. at 2032. Plaintiffs' claims concern development of the medical record—stereotyping the duration of certain impairments and failing to obtain certain medical information or opinion from the treating physician. These claims could most effectively be considered in the administrative process, allowing the agency to correct its own errors. "Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context." *Id.* at 485, 106 S.Ct. at 2032.

Because plaintiffs do not meet the requirements of § 405(g), and waiver of exhaustion is not warranted here, plaintiffs cannot base jurisdiction of their claims on § 405(g).

**B. Mandamus**

Plaintiffs argue that jurisdiction also exists under 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Eighth Circuit has concluded that mandamus jurisdiction is available in social security cases in certain circumstances, e.g., cases involving essentially procedural claims collateral to substantive benefits. *See Linquist v. Bowen,* 813 F.2d 884, 887–88 n. 12 (8th Cir.1987); *Mental Health Ass'n of Minnesota v. Heckler,* 720 F.2d 965, 971–71 n. 17 (8th Cir.1983) (relying on reasoning in *Ellis v. Blum,* 643 F.2d 68, 82 (2nd Cir.1981)).

Section 1361, however, provides a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes plaintiff a clear nondiscretionary duty. *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1983). Here, plaintiffs have not exhausted their administrative remedies, and waiver of exhaustion is not appropriate. In a case like this, where plaintiffs allege a failure to

**482**

*apply* correctly the Secretary's procedures and policies in their individual cases, and the defects can be corrected in the administrative process, mandamus jurisdiction is not appropriate. *See Mercer v. Birchman,* 700 F.2d 828, 833–35 (2nd Cir.1983) (no mandamus jurisdiction where plaintiff alleges a few misapplications of procedures regarding exhibits, request for oral argument, and the presence of a paralegal, and defects were corrected by administrative review, distinguishing *Ellis* ).

### C. Declaratory Judgment Act

The statutory provision for declaratory judgment, 28 U.S.C. §§ 2201, 2202, does not afford plaintiffs a separate jurisdictional basis, and may not be used to avoid a lack of jurisdiction or a failure to exhaust administrative remedies. *See, e.g., Indiana Hosp. Ass'n, Inc. v. Schweiker,* 544 F.Supp. 1167, 1173 (S.D.Ind.1982), *aff'd sub nom. St. Francis Hosp. Ctr. v. Heckler,* 714 F.2d 872 (7th Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984).

### RULING AND ORDER

The motion of defendant Louis Sullivan, Secretary of Health and Human Services, to dismiss for lack of subject matter jurisdiction, filed March 1, 1991, is GRANTED as to the second, third, and fourth claims of plaintiffs Greg Titus, et al. Defendant's alternative motion to dismiss for failure to state a claim upon which relief can be granted is GRANTED as to plaintiffs' first claim. IT IS ORDERED that plaintiffs' complaint be DISMISSED.