70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn S. ERNST, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-3755.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1995.
 
 Before: LIVELY, MARTIN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this Social Security disability case, claimant Carolyn Ernst appeals the judgment of the district court affirming the administrative law judge's denial of benefits. That decision was based on the administrative law judge's determination that Ernst's claim was precluded because she had returned to work less than 12 months after the onset of her disability. We find that there is substantial evidence to support the administrative law judge's decision and, therefore, affirm.
 
 
 2
 Carolyn Ernst applied for disability insurance benefits on May 12, 1990, alleging that she became disabled on November 5, 1989, due to a severe back impairment. The medical records tended to substantiate her medical claim. Nevertheless, in June 1990 and again in September 1990, the Social Security Administrative declined to award her benefits, finding that Ernst was not disabled and could perform her past work despite her medical impairment.
 
 
 3
 On October 15, 1990, Ernest requested a hearing on her claim. Significantly, she also returned to secretarial work that same day. In February 1991, at the request of the administrative law judge assigned to her case, Ernst underwent further examination by an orthopedic specialist, who diagnosed a herniated disc. Despite continuing symptoms, Ernst reported to this physician that she had been employed full-time as a secretary since October 15, 1990.
 
 
 4
 On April 12, 1990, the administrative law judge conducted a hearing, at which Carolyn Ernst testified that although she had been advised by several specialists to undergo surgery, she preferred to "let her body heal itself." Noting her disability from November 5, 1989, through October 15, 1990, the administrative law judge nevertheless denied benefits because the claimant had returned to work within 12 months of her onset of disability and, thus, did not meet the statutory duration requirement. The Appeals Council denied Ernst's request for review, and she sought review by the district court. The matter was referred to a magistrate judge. Both parties moved for summary judgment. The magistrate recommended that summary judgment be granted for the Secretary. Ernst objected to the report and recommendation, but the district court adopted the magistrate's report.
 
 
 5
 A claimant is considered disabled when she cannot perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Secs. 423(d)(1)(A), 1382c(a)(3)(A). The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir.1990).
 
 
 6
 In this case, the plaintiff first claims that the duration requirement applies only to her impairment and not to her inability to work, relying upon Sierakowski v. Weinberger, 504 F.2d 831 (6th Cir.1974). In Sierakowski, the court noted that the statute does not require inability to work for twelve months, but rather that the impairment last or be expected to last for a continuous period of at least twelve months. Id. at 833. Sierakowski had been awarded benefits by the Social Security Administration at a time when he had been advised not to return to work for at least 18 months and, therefore, was expected to be impaired for "not less than 12 months." However, Sierakowski ultimately returned to work before the expected date and prior to the passage of 12 months. The Secretary then sought a refund of all the benefits he had been paid. The court focused on the prospective wording of the statute, i.e., "be expected to last", and permitted the claimant to keep the benefits he received prior to the date he returned to work.
 
 
 7
 By contrast, Ernst's claim was initially denied by the Secretary and was presented to the administrative law judge only after she had already returned to work, precluding application of the prospective aspect of the statute. Sierakowski is thus distinguishable on its facts.
 
 
 8
 Moreover, the Sierakowski court noted that " '[i]nability to engage in any gainful activity and the impairment which causes it cannot be separated. The two components of disability must exist at the same time.' " Id. at 833, quoting Alexander v. Richardson, 451 F.2d 1185 (10th Cir.), cert. denied, 407 U.S. 911 (1972). (Alexander, which is factually indistinguishable from the instant case, squarely rejected the same argument Carolyn Ernst makes here. As the Tenth Circuit pointed out, a person could have an impairment that briefly prevented a person from working, but if he was able to resume working, he would not be entitled to benefits even if the impairment itself continued for the rest of his life. Id. at 1186.)
 
 
 9
 Finally, we reject the claimant's argument that the duration requirement of 12 months does not mean 365 days, or twelve "full" months. Because she did not work for all or part of 12 consecutive months, she claims that she met the duration requirement. However, this argument ignores the plain language of the statutory definition of disability, which requires that disability last or be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(a)(A); see also Secs. 404.1505, 416.905 (1992). Moreover, Ernst cites no authority in support of her position, and we have found none.
 
 
 10
 For the reasons set out above, we AFFIRM the judgment of the district court.