Carl Eric **OLSEN, et al.,**
**Plaintiffs-Appellants,**

v.

**DRUG ENFORCEMENT ADMINISTRA-TION, Defendant-Appellee.**

**No. 85–5017**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1985.

Stanley Marcus, U.S. Atty., Barry Seltzer, Lynn Rosenthal, Linda Collins Hertz, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellants filed this action seeking to compel a response from the Drug Enforcement Administration (DEA) to their petitions to amend the rules promulgated under the Controlled Substances Act in such a way as to allow religious use of marijuana by members of the Ethiopian Zion Coptic Church. The district court dismissed the complaint for failure to state a cause of action. For reasons set forth below, we affirm the order of the district court.

Appellants based their petitions to allow for the religious use of marijuana by members of their church upon 21 U.S.C. § 811 which provides that any interested party may petition to have a substance added to the schedules of controlled substances, removed from the schedules of controlled substances, or transferred between those schedules. The factors to be considered in acting upon such a petition are the current state of knowledge and understanding of the effects of the substance upon the user and upon society. See 21 U.S.C. § 811(c). The petitions of the plaintiffs for a religious exemption for marijuana use thus fall outside the scope of the statute, and a rule such as they sought could not be made under authority of 21 U.S.C. § 811.

The administrator of the DEA is, however, obliged to respond to all petitions for the issuance, amendment, or repeal of rules pursuant to 21 U.S.C. § 811 by 21 C.F.R. § 1308.44(c) which provides that "[w]ithin a reasonable time after the receipt of a petition, the administrator shall notify the petitioner of his acceptance or nonacceptance of the petition, and if not accepted, the reason therefor." This obligation pertains whether or not the object of the petition falls within the scope of 21 U.S.C. § 811.

Thus, in this case, the administrator was obliged to respond to the petitions of the appellants and to inform them that the petitions would not be accepted because the rule they sought fell outside the scope of the statute. However, since the appellants are on notice of the defect in their petition by virtue of this opinion and since a remand to the district court to order the DEA to restate what has just been stated would constitute a needless waste of judicial resources, the order of dismissal of the district court is

AFFIRMED.