**Carl Eric OLSEN, Petitioner,**

v.

**STATE OF IOWA, Respondent.**

**Civ. No. 86–472–B.**

United States District Court, S.D. Iowa, C.D.

Aug. 25, 1986.

No appearance for respondent.

Carl Eric Olsen, pro se.

## ORDER OF SUMMARY DISMISSAL

VIETOR, Chief Judge.

Before the court for initial review under Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts is Carl Eric Olsen's petition for writ of habeas corpus filed under 28 U.S.C. § 2254.

Rule 4 provides in part:

If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Petitioner Carl Eric Olsen challenges the constitutionality of his 1982 conviction in the Iowa District Court for Muscatine County of possession of marijuana with intent to distribute in violation of Iowa Code § 204.401(1). His conviction was affirmed by the Iowa Supreme Court in an unpublished opinion. *State v. Olsen*, No. 171/69079 (July 18, 1984) (copy annexed to Mr. Olsen's petition).

The issues raised in Mr. Olsen's petition are the same ones he raised before the Iowa Supreme Court, and therefore the requirement of exhaustion of state remedies is satisfied.

The grounds raised before the Iowa Supreme Court and in his present federal habeas corpus petition are that the state statutes prohibiting possession of marijuana with intent to distribute violate the free exercise clause of the First Amendment to the United States Constitution when they are applied to the religious practice of the Ethiopian Zion Coptic Church, and that the statutes prohibiting the possession of controlled substances violate the equal protection clause of the Fourteenth Amendment to the United States Constitution because they create a benefit for one religion while denying that same benefit to another religion, thus creating a state religion in violation of the establishment clause of the First Amendment to the United States Constitution. The Iowa Supreme Court rejected Mr. Olsen's claims, and he contends that the findings and rulings of the Iowa Supreme Court are "fundamentally unconstitutional."

Mr. Olsen's constitutional contentions have been presented by him in several litigated cases and have been presented by many other persons in litigated cases. These contentions have been uniformly rejected by the courts. The Iowa Supreme Court has rejected Mr. Olsen's contentions twice, once in the decision affirming the conviction now under attack and before that in *State v. Olsen*, 315 N.W.2d 1, 7–9

(Iowa 1982). Mr. Olsen was among the defendants in *United States v. Rush,* 738 F.2d 497 (1st Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 *reh'g denied,* 471 U.S. 1120, 105 S.Ct. 2370, 86 L.Ed.2d 269 (1985). In that case the defendants were convicted of possessing marijuana with intent to distribute and conspiracy to possess marijuana with intent to distribute in violation of federal laws. The identical contentions urged here were rejected by the First Circuit Court of Appeals. *Id.* at 511–13. Mr. Olsen has personally been involved in other litigation in his tireless efforts to "legalize" his marijuana activities. *See Olsen v. Drug Enforcement Administration,* 776 F.2d 267, 268 (11th Cir.1985); *Olsen v. Iowa,* S.D. Iowa No. 83–301–E (S.D. Iowa March 19, 1986) (order of Judge O'Brien dismissing plaintiffs' complaint).

Numerous courts in other litigation to which Mr. Olsen was not a party have also rejected the constitutional challenges he asserts here. *See,* e.g., *United States v. Middleton,* 690 F.2d 820, 824–26 (11th Cir. 1982), *cert. denied,* 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983); *United States v. Spears,* 443 F.2d 895, 896 (5th Cir.1971) (per curiam), *cert. denied,* 404 U.S. 1020, 92 S.Ct. 693, 30 L.Ed.2d 669 (1972); *Leary v. United States,* 383 F.2d 851, 859–61 (5th Cir.1967), *rev'd on other grounds,* 395 U.S. 6, 54, 89 S.Ct. 1532, 1557, 23 L.Ed.2d 57 (1969); *Randall v. Wyrick,* 441 F.Supp. 312, 315–16 (W.D.Mo.1977); *United States v. Kuch,* 288 F.Supp. 439, 446 (D.D.C.1968); and cases cited in *State v. Olsen,* 315 N.W.2d at 8–9.

The case authority clearly establishes that there is no merit to Mr. Olsen's contentions, and it plainly appears from the face of his petition that he is not entitled to relief. Therefore, IT IS ORDERED under the authority of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts that the petition of Mr. Olsen be dismissed, and Mr. Olsen be so notified.