**Greg TITUS; Timothy Jordan; Eric Willey; Colleen Clark; Randy Cowman; John Ingles, on behalf of themselves and all others similarly situated, Appellants,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 91–3498.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Sept. 1, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 5, 1993.

Joseph G. Basque, Sioux City, IA, argued (Michael Depree, Ottumwa, IA, on the brief), for appellants.

Howard S. Scher, Dept. of Justice, Washington, DC, argued (William Kanter, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LAY, Senior Circuit Judge.

Greg Titus, et al., brought a class action seeking declaratory and injunctive relief prohibiting the Secretary of Health and Human Services from using certain policies and procedures in determining eligibility for particular disability benefits. The plaintiffs claim these policies and procedures violate the Social Security Act, various regulations, and the due process clauses of the Constitution. The district court dismissed three of the plaintiffs' claims for lack of subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies under 42 U.S.C. § 405(g). Additionally, the district court dismissed plaintiffs' first claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. The district court did not address the issue of class certification.

## I.

### SUBJECT MATTER JURISDICTION

■ Plaintiffs' second, third, and fourth claims for relief generally allege that the Secretary and the Iowa Division of Disability Determination Service Bureau (DDSB) do not adequately develop cases in determining the duration of an impairment at the initial application and reconsideration stages of the Secretary's administrative review process. Plaintiffs contend that the Secretary engages in the "stereotyping" of certain impairments, denying claims based on an assumption that the duration of impairment will be less than 12 months because the injury or impairment is one which is subject to improvement. The complaint further alleges the Iowa DDSB does not seek opinions from treating physicians regarding duration, thus making its judgments without supporting evidence. The plaintiffs assert these practices violate their statutory, constitutional and judicial rights to individual determinations.

■ In order for the district court to exercise subject matter jurisdiction over a claim, it is fundamental that the claimant first present a claim for benefits to the Secretary and then exhaust the administrative remedies prescribed by the Secretary. *Weinberger v. Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975). However, waiver of administrative exhaustion under 42 U.S.C. § 405(g) may occur under exceptional circumstances. Under *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), in order for administrative exhaustion to be waived, claimants must show (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.

■ In the instant case, the district court ruled that it need not pass on the question whether the plaintiffs' claims for relief are collateral to their claim of entitlement to disability benefits. The court found that the plaintiffs failed to raise a colorable claim of irreparable harm because administrative remedies exist which were not fully exhausted. The court based this on the plaintiffs' failure to show that the Secretary had a secret policy.

As this court held in *Schoolcraft v. Sullivan*, 971 F.2d 81 (8th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. 3621 (U.S. Feb. 22, 1993) (Nos. 92–1392, 92–1395), a secret policy

by the Secretary is not a prerequisite to waiver of exhaustion. *Accord Marcus v. Sullivan,* 926 F.2d 604, 614–15 (7th Cir.1991) (holding that a secret policy is not a prerequisite to waiver for plaintiffs with "live" claims); *Bailey v. Sullivan,* 885 F.2d 52, 64–65 (3d Cir.1989) (finding that existence of a secret policy is not pertinent to discussion of waiver for plaintiffs with "live" claims). Thus, we hold that the district court erred in basing dismissal on the absence of a secret policy.

■ In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 731–32 (11th Cir.1982). Federal Rule of Civil Procedure 8(a)(1) simply requires that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...." *Cf. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (discussing pleading standard under Fed.R.Civ.P. 8(a)(2)). Here, the complaint on its face sufficiently avers subject matter jurisdiction in accordance with the requirements of *City of New York,* as subsequently construed in *Schoolcraft.* In the first paragraph of the complaint, plaintiffs state that the relief sought is not an award of benefits for any class member, but rather is for declaratory and injunctive relief that would require the Secretary to utilize proper standards and procedures in the disability determination process. The plaintiffs also specifically aver that irreparable harm is caused both by the Secretary's policies and the delay from the exhaustion requirement. The pleadings specifically state that persons who are denied disability benefits commonly are deprived of most or all of the income required to secure basic necessities. Thus, plaintiffs' complaint, on its face, avers sufficient facts to confer subject matter jurisdiction on the district court.

■ We emphasize the narrow scope of our holding. If the Secretary wants to make a *factual* attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947).[1] The proper course is for the defendant to request an evidentiary hearing on the issue. *Osborn,* 918 F.2d at 730 (citing *Crawford v. United States,* 796 F.2d 924, 928 (7th Cir.1986)).

Here, the Secretary did not offer and the district court did not consider outside evidence that would disprove plaintiffs' allegations that their claim is collateral to their claim of benefits and that they suffer irreparable harm by the exhaustion requirement. We thus find no basis on the pleadings to dismiss the second, third and fourth claims for relief for lack of subject matter jurisdiction.[2]

---

1. In *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884 (3d Cir.1977), the Third Circuit explained the unique nature of a factual challenge to jurisdiction under 12(b)(1).

   [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

   *Id.* at 891.

2. The district court went beyond the complaint in concluding that Social Security Ruling (SSR) 82–30 proves that the practices complained of are not the result of a secret policy. However, as we have noted, a secret policy is not a prerequisite

## II.

### FAILURE TO STATE A CLAIM FOR RELIEF UNDER RULE 12(b)(6)

Having found subject matter jurisdiction, we turn to the district court's dismissal of plaintiffs' first claim for failure to state a claim for relief under Rule 12(b)(6).

█ Plaintiffs' first claim challenges the Secretary's policy of denying claims based on a claimant's lack of an impairment that is expected to keep him or her from working for twelve consecutive months. Plaintiffs argue this policy violates 42 U.S.C. § 423(d)(1)(A)[3] and 20 C.F.R. §§ 404.-1505(a), 404.1509.[4] Specifically, plaintiffs claim that the Secretary's policy contained in *unpublished* Programs Operations Manual System (POMS) DI 25505.015 and DI 25505.-020 and Social Security Ruling (SSR) 82–52 misapplies the duration requirement of the Social Security Act and corresponding regulations in that the Secretary requires the claimant to show that the impairment has been or will be *disabling* for twelve months, instead of showing only that the *impairment* has lasted or will last for twelve months.

We agree with the district court that the interpretation of "duration of impairment" was settled in *Alexander v. Richardson,* 451 F.2d 1185 (10th Cir.1971). In *Alexander,* the claimant argued that if his impairment extended for a period of one year or more, he was entitled to benefits if, for a lesser period, he could not engage in substantial gainful activity. *Id.* at 1186. The Tenth Circuit held that both the purpose of the statute and the legislative history support the Secretary's interpretation that it is the *disability* which must be continuous for 12 months, not the impairment. *Id.* The court reasoned that:

> Disability is established by showing a medically determinable mental or physical impairment which prevents engaging in any gainful activity. Inability to engage in any gainful activity and the impairment which causes it cannot be separated. The two components of disability must exist at the same time. The statute, which defines disability, not impairment, speaks only of an impairment which can be expected to result in death or to last for a continuous period of at least twelve months and one which will disable a person seeking disability benefits for a like period.

*Id.* Indeed, the court observed that although a person who has lost one hand has an impairment for life, he is not entitled to disability benefits if he is able to return to

---

to subject matter jurisdiction for plaintiffs who assert, as these plaintiffs do, "live" claims (i.e., where the claimant still has time to pursue the next level of the administrative review process or judicial review). The discussion in *City of New York* relating to a secret policy concerned tolling the statute of limitations involving "lapsed" claims (i.e., where the claimant allowed the decision to become final without timely pursuing either the next level of administrative review or judicial review). We need not reach the question of whether plaintiffs with "lapsed" claims have subject matter jurisdiction since the district court has not yet certified the class and has therefore not determined the scope of the class.

**3.** 42 U.S.C. § 423(d)(1)(A) states:

(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

**4.** § 404.1505(a) states:

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy. To determine whether you are able to do any other work, we consider your residual functional capacity and your age, education, and work experience. We will use this definition of disability if you are applying for a period of disability, or disability insurance benefits as a disabled worker, or child's insurance benefits based on disability before age 22....

§ 404.1509 states:

Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.

gainful activity within one year of his injury. *Id.*

■ Plaintiffs contend, however, that their first cause of action challenged not only the Secretary's *interpretation* of "duration of impairment," an issue they admit was squarely resolved by *Alexander,* but also the *application* of the duration policy.[5] Plaintiffs urge that their claim regarding implementation included three other arguments: 1) the Secretary has confused the term "any work" with "substantial gainful activity," 2) the Secretary has shifted the burden of proof at the fifth step of the sequential analysis, and 3) the Secretary has failed to follow his own regulations by adopting a policy in mental illness cases that requires a showing of continuous inability to engage in substantial gainful activity for a period of twelve months.

■ We find no merit to any of these claims. While it is true that the Secretary informs unsuccessful claimants that they must show inability to do "any work" as opposed to "any substantial gainful activity," this does not constitute a more restrictive test for disability than that provided in the Act. In using the term "work" at the initial and reconsideration level, the Secretary is simply following Congress' mandate to provide notices of adverse decisions to claimants in clear and simple language that they can understand. 42 U.S.C. § 405(b)(1).[6] Similarly unconvincing is plaintiffs' allegation that the use of the term "work" in this context distorts the sequential evaluation process or the proofs and burdens involved in that process. Just as the term "any work" does not constitute a more restrictive test for disability under the Act than "any substantial gainful activity," that substitution does not serve to shift the proofs and burdens in the sequential evaluation.

5. The complaint stated:
   There are questions of law and fact common to Plaintiffs and the class they seek to represent. Those questions are: 1) whether the Secretary's *interpretation* of the Act's 12–month durational requirement violates the Act and regulations; 2) whether the Secretary's policy *implementing* his interpretation violates the Act and regulations ... (emphasis added).

6. Section 405(b)(1) states:

We also find no merit to plaintiffs' claim that in cases of severe mental illness, the Secretary's interpretation operates to deny meeting the durational requirement for claimants who can work sporadically for short periods of time despite suffering from a long term mental condition that precludes substantial gainful activity. The Social Security Administration's POMs instructions require medical or psychological consultants to assess what an individual can do on a *sustained* basis in the determination of residual functional capacity. POMS DI 24150.001, DI 22505.001 *et seq.* This assessment is consistent with the Secretary's published regulations. 20 C.F.R. § 404, Subpart P, App. 1 § 12.00(A), (D). We hold that plaintiffs have failed to state a claim upon which relief can be granted.

The judgment dismissing plaintiffs' first claim for relief is affirmed; the judgment of dismissal of the complaint for lack of subject matter jurisdiction under 12(b)(1) is vacated, and the case is remanded to the district court for further proceedings.

LOKEN, Circuit Judge, concurring:

To justify waiver of administrative exhaustion under *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), "claimants [must] show (1) their claims are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion would otherwise be futile." *Schoolcraft v. Sullivan,* 971 F.2d 81, 85 (8th Cir.1992). Although I doubt whether plaintiffs can meet this burden with respect to their claims that have survived Rule 12(b)(6) dismissal, that question should be decided in the first instance by the district court. Because it is unclear to me whether the district court's exhaustion ruling was based entirely upon the secret policy issue that we subsequently decided the other way

Any such decision by the Secretary which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Secretary's determination and the reason or reasons upon which it is based.

in *Schoolcraft,* I conclude that the Rule 12(b)(1) portion of the court's dismissal order must be remanded for further consideration in light of *Schoolcraft.* I believe that is what the court has done in the Subject Matter Jurisdiction portion of its opinion. Therefore, I concur.