Lisa Ann **JOHNSON**, Plaintiff,

v.

**SCOTTS BLUFF COUNTY SHERIFF'S DEPARTMENT, a Department of Scotts Bluff County, Nebraska, a Political Subdivision, and Irene Torres, Defendants.**

**No. 7:01CV5015.**

United States District Court,
D. Nebraska.

Feb. 24, 2003.

Michael J. Javoronok, Javoronok Law Firm, Scottsbluff, NE, for Scotts Bluff County Sheriff's Dept.

Steven W. Olsen, James M. Worden, Simmons, Olsen Law Firm, Scottsbluff, NE, for City of Alliance.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

Before me is the defendants' motion, Filing No. 32, to dismiss the plaintiff's amended complaint, Filing No. 30. The parties have submitted briefs in support of their positions.

Alliance, Nebraska police officers [1] arrested and detained the plaintiff in July 2000 on an outstanding warrant from Scotts Bluff County, Nebraska, after they stopped the plaintiff for speeding. The officers learned of the warrant through a routine check with the National Crime Information Center (NCIC) database and with the Scotts Bluff County Sheriff's Office. The plaintiff protested that the warrant could not be correct, but the officers nevertheless took her into custody her and booked her. The warrant was eventually discovered to be defective because it confused the plaintiff's date of birth and social security number with those of another Lisa A. Johnson, but not before the plain-

---

1. The plaintiff originally sued the arresting officers from the Alliance Police Department and the City of Alliance in state court, but the action was removed to this court. *See* Filing No. 1. The plaintiff and the original defendants eventually stipulated to the defendants' dismissal without prejudice. Filing Nos. 28 and 29. The plaintiff then amended the complaint, *see* Filing No. 30, and added the current defendants.

tiff had posted bail and paid the fine on the outstanding warrant.

The plaintiff sues the defendants for unlawful arrest and imprisonment under 42 U.S.C. §§ 1983 and 1988; the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; and Article I, §§ 3, 7, and 9 of the Nebraska Constitution for the defendants' alleged negligence in entering data about her in the NCIC and NCIS databases and in providing information to the Alliance Police Department. In this motion, the defendants argue that the plaintiff's amended complaint must be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). I have now reviewed the record, the parties' briefs, and the applicable law, and I conclude that the defendants' motion to dismiss should be granted.

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States,* 994 F.2d 427, 430 (8th Cir.1993). For the court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction such as this, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Id.* "Dismissal for lack of subject matter jurisdiction will not be granted lightly." *Wheeler v. St. Louis SW R.R. Co.,* 90 F.3d 327, 329 (8th Cir.1996).

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir.1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

The defendants' brief does not explain how their Rule 12(b)(1) attack differs analytically from their Rule 12(b)(6) attack. In general, the defendants challenge the amended complaint on the ground that state torts such as the plaintiff's false arrest claim cannot be brought in federal court. Presumably, the defendants intend to argue that the plaintiff cannot state a valid claim for relief under 42 U.S.C. § 1983 (Rule 12(b)(6)), and without a valid federal claim, this court lacks jurisdiction to hear the plaintiff's false arrest claim (Rule 12(b)(1)). For purposes of this motion, it is sufficient to consider only the defendants' Rule 12(b)(6) argument.

The defendants rely on *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), for their argument that no constitutional claim arises when a person is arrested and detained on an apparently valid warrant. In *Baker,* the plaintiff brought a civil rights action under 42 U.S.C. § 1983 after he was arrested pursuant to a facially valid warrant and held in jail for three days despite his protests of mistaken identity, the truth of which were eventually borne out.

■ The Supreme Court recognized that a person's actual innocence may weigh

heavily in a state tort claim for false imprisonment, but is largely irrelevant to a federal constitutional claim brought under section 1983 alleging that the person was deprived of liberty without due process of law.[2] *Id.* at 144–45, 99 S.Ct. 2689. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Id.* at 145, 99 S.Ct. 2689. Further, the Constitution does not require a law enforcement official arresting someone on a facially valid warrant "to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Id.* at 145–46, 99 S.Ct. 2689. Accordingly, a plaintiff seeking damages for false arrest may not use section 1983 as the vehicle for redress.

▆▆▆ The plaintiff seeks to distinguish *Baker* factually, noting that the mistaken arrest in *Baker* occurred as a result of an identity theft by Baker's brother and that Baker sued the very officials who arrested him. The plaintiff, by contrast, is suing the agency and the warrant clerk who, allegedly, negligently entered false information about her in the NCIC database. Such factual distinctions are irrelevant under the Supreme Court's constitutional analysis, however, since the Court precludes actions under section 1983 for injuries sounding purely in tort.

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

*Id.* at 146, 99 S.Ct. 2689 (internal citation omitted).

This is not a criminal case wherein the plaintiff challenges the validity of her arrest or the seizure of evidence under the exclusionary rule. *See, e.g., Arizona v. Evans,* 514 U.S. 1, 14–16, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995) (clerical error of court employee in failing to remove quashed arrest warrant falls within the *Leon* good faith exception to the exclusionary rule); *United States v. Mackey,* 387 F.Supp. 1121, 1125 (D.Nev.1975) (suppressing evidence seized during arrest that was based solely on inaccurate NCIC information). Nor is this a case wherein the plaintiff claims that a warrant was constitutionally infirm, that her detention was impermissibly lengthy, or that she was repeatedly arrested because of the same inaccurate data. *See Rogan v. City of Los Angeles,* 668 F.Supp. 1384, 1390 (C.D.Cal. 1987) (man arrested four times, three at gunpoint, over two years because of an erroneous NCIC arrest warrant).

▆▆▆ Rather, the plaintiff here merely alleges that 1) defendant Torres, the warrant clerk for the Scotts Bluff County Sheriff's Office, negligently entered incorrect data about "Lisa A. Johnson" into the NCIC database; 2) Torres's unnamed supervisor negligently failed to verify the information about Lisa A. Johnson before

2. The Court conditioned its seemingly absolute rule by acknowledging that if a detention continues over the person's protests for an unreasonable length of time, the state might face liability for a constitutional violation "[M]ere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of law.'" *Baker v. McCollan,* 443 U.S. at 145, 99 S.Ct. 2689.

its submission to NCIC; 3) unnamed employees of the Scotts Bluff Sheriff's Office, when contacted by Alliance police officers, failed to compare the bench warrant with the NCIC database; and 4) the Scotts Bluff County Sheriff's Office negligently failed to train and supervise its employees about correct methods to enter and verify information in the NCIC database. Unfortunately for the plaintiff, such negligent conduct simply does not give rise to a constitutional claim pursuant to section 1983.[3] *See Lane v. Sarpy County*, 165 F.3d 623, 624 (8th Cir.1999) (no due process claim where officers mistakenly arrest and detain for six hours individual believed to be a different individual with the same name).

I am, of course, fully aware that not all errors like the one that apparently occurred here can be dismissed as negligent data entry mistakes. Inaccurate data stored in law enforcement databases constitutes a serious potential threat to citizens' Fourth Amendment privacy rights, particularly when an innocent citizen may be detained, searched, handcuffed, arrested, and prosecuted "simply because some bureaucrat has failed to maintain an accurate computer database." *Arizona v. Evans*, 514 U.S. at 23, 115 S.Ct. 1185 (Stevens, J., dissenting). The danger to an innocent citizen is magnified by the information-sharing common to most law enforcement agencies, "for inaccurate data can infect not only one agency, but the many agencies that share access to the database." *Id.* at 26, 115 S.Ct. 1185 (Ginsberg, J., dissenting). The plaintiff here

was plainly inconvenienced, embarrassed, and distressed by the results of the defendants' sloppy electronic record-keeping, but her plight is simply not severe enough to state a claim as a constitutional tort. The plaintiff's suit, however, should remind law enforcement officials that they not only risk state tort law liability for negligent computer errors but, if the errors rise to the level of reckless or intentional disregard, potential constitutional consequences as well.

IT IS THEREFORE ORDERED:

1. The defendants' motion, Filing No. 32, to dismiss the plaintiff's amended complaint, Filing No. 30, is granted;

2. The plaintiff's amended complaint, Filing No. 30, is hereby dismissed.

---

**3.** While inadequate training or supervision can constitute an actionable policy or custom giving rise to a constitutional violation under section 1983. *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), mere negligence does not create section 1983 liability, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The single careless data entry error here that resulted in the plaintiff's arrest represents such garden-variety negligence. The single error does not, as a matter of law, rise to the "grossly negligent and systemic" record keeping described in *Rogan*, 668 F.Supp. at 1398, nor reflect constitutionally deficient training or supervision of employees of the Scotts Bluff County Sheriff's Office.