**Marie BIALOWARCZUK, Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security.**

**No. 02–3495.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) March 6, 2003.

Decided July 1, 2003.

Before ROTH, BARRY, and FUENTES, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

This is an appeal from a judgment of the District Court affirming the Administrative Law Judge's ("ALJ") denial of Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") to appellant Marie Bialowarczuk ("Bialowarczuk"). For the reasons set forth below, we will affirm.

The parties are in substantial agreement that Bialowarczuk suffers from pulmonary hypertension and a thyroid condition. However, Bialowarczuk's claim for DIB and SSI was rejected by the Social Security Administration and, subsequently, by the ALJ as well. The District Court determined that the ALJ had failed to adhere to our guidance in *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981), which requires the ALJ to provide findings "as comprehensive and analytical as feasible, and where appropriate ... a statement of subordinate factual foundations on which ultimate factual conclusions are based...." In light of its determination, the District Court combed the record and ultimately affirmed the ALJ's denial of benefits on the alternative ground that Bialowarczuk's own physician reported that her disability was only expected to last 30–90 days. Thus, Bialowarczuk could not establish a disability expected to last 12 months or more, as required by 42 U.S.C. § 423(d)(1)(A).

We agree on both points. The ALJ's decision was deficient in the several respects noted by the District Court. Nevertheless, one of Bialowarczuk's own treating physicians reported that her pulmonary hypertension, hypothyroidism, hypercholesterolemia, and coronary artery disease were expected to be disabling for a period of 30–90 days. App. at 27. Therefore, Bialowarczuk could not establish a disability "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Because she cannot meet this threshold requirement, the District Court correctly held that Bialowarczuk would not have been entitled to the benefits for which she applied. *See, e.g., Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir.1993).

Accordingly, and for the reasons substantially stated in the District Court's

thorough and persuasive opinion, we affirm.