**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2831
_____

JOSEPH A. BAHGAT,
                    Appellant

v.

TOWNSHIP OF EAST BRUNSWICK; EAST BRUNSWICK POLICE DEPARTMENT;
ACTING CHIEF WILLIAM KRAUSS, JR.; LIEUTENANT ALAN QUERCIA;
LIEUTENANT KEVIN F. ZEBRO; PATROLMAN MICHAEL TOTA; DOES 1–25,
Unified Police Officers and Employees of East Brunswick Township; STATE OF NEW
JERSEY MOTOR VEHICLE COMMISSION; RAYMOND MARTINEZ, DIRECTOR;
DOES 1–25, Unified Employees of New Jersey Motor Vehicle Commission;
LAWRENCE B. SACHS
_____

On Appeal from the United States District Court
for the District Court of New Jersey
(D.C. Civil No. 3-16-cv-01827)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2020
_____

Before:  SMITH, Chief Judge, CHAGARES, and PORTER, Circuit Judges

(Opinion filed: August 3, 2020)

OPINION[*]

CHAGARES, Circuit Judge.

Joseph Bahgat, the plaintiff, appeals from the District Court's orders dismissing

his claims under 42 U.S.C. § 1983 and New Jersey law. We will affirm.

I.

We write only for the parties, so our summary of the facts is brief. Bahgat alleges

that when he was driving on April 1, 2014, an East Brunswick patrolman, Michael Tota,

illegally stopped and arrested him and then unlawfully had his vehicle towed. According

to Bahgat, Tota justified these actions because the New Jersey Motor Vehicle

Commission ("MVC") reported that Bahgat's license was suspended. But, Bahgat

claims, that reporting was inaccurate, and his license was not, in fact, suspended. Based

on those events, Bahgat's operative complaint raises claims for damages against, inter

alia, Tota, the MVC, and the MVC's Chief Administrator, Raymond P. Martinez.[1] Over

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Specifically, Bahgat's complaint alleges wrongful arrest and seizure, and malicious prosecution, against the Township of East Brunswick, Tota, and prosecutor Lawrence B. Sachs (Count One); unconstitutional official policy, under § 1983 and Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), against East Brunswick (Count Two); supervisory liability under § 1983 against Martinez, East Brunswick, Acting Chief William Krause, Jr., Lieutenant Alan Quercia, and Lieutenant Kevin F. Zebro (Count Three); negligence against the MVC and Martinez (Count Four); negligent misrepresentation against the MVC (Count Five); negligent hiring against the MVC and East Brunswick (Count Six); violations of § 1983 against all defendants (Count

two orders, the District Court dismissed with prejudice all of Bahgat's claims. Bahgat timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "In doing so, we accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff[]." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted).

## III.

Bahgat first contests the District Court's dismissal with prejudice of his claims, in Counts Three through Eight, against the MVC and Martinez in his official capacity. Bahgat asserts that the District Court incorrectly concluded that the Eleventh Amendment of the United States Constitution bars those claims.

We are not convinced. Aside from exceptions not applicable here, the Eleventh Amendment makes "states generally immune from suit by private parties in federal court." MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001). And "[t]his protection from suit extends to state agencies as well as state officials sued in their

---

Seven); and violations of the New Jersey Civil Rights Act against all defendants (Count Eight).

official capacities for monetary damages." A.W. v. Jersey City Pub. Sch., 341 F.3d 234, 238 (3d Cir. 2003). We therefore agree with the District Court that the Eleventh Amendment precludes Bahgat's claims against the MVC and Martinez in his official capacity.

Next, Bahgat argues that the District Court erred in dismissing with prejudice all of his remaining claims. Not so. As the District Court explained, those claims are insufficient since they all depend on the same flawed theory: that Tota violated the Fourth Amendment because he lacked reasonable suspicion to stop Bahgat and probable cause to arrest him and have his vehicle towed. The District Court correctly ruled that Tota had reasonable suspicion for the stop in light of Bahgat's admission that, at the time, he was driving with an improperly affixed license plate. See United States v. Delfin-Colina, 464 F.3d 392, 398 (3d Cir. 2006) (explaining that reasonable suspicion exists if an "officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop"). Furthermore, Tota had probable cause to arrest Bahgat and seize his vehicle based on the MVC's reporting that Bahgat's license was suspended. See Virginia v. Moore, 553 U.S. 164, 166–67, 171, 178 (2008) (concluding that an arrest did not violate the Fourth Amendment when officers reasonably determined that a motorist "was driving with a suspended license" in violation of state law).

Bahgat highlights that his license was not, in fact, suspended at the time he was arrested, and that he later obtained dismissal of his suspended license summons in municipal court. But "the constitutional validity of [an] arrest does not depend on whether the suspect actually committed" an offense. Wright v. City of Philadelphia, 409

4

F.3d 595, 602 (3d Cir. 2005). "An arrest was made with probable cause if at the moment the arrest was made the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Id. (quotation marks and alterations omitted). Given Tota's reliance on the MVC's reporting that Bahgat's license was suspended, the District Court did not err in dismissing Bahgat's remaining claims.

Finally, we have carefully reviewed Bahgat's other arguments challenging the District Court's dismissal of his complaint with prejudice, and none persuade us. We therefore need not address Bahgat's contentions that the District Court abused its discretion in denying his requests for leave to amend his complaint and for discovery. Indeed, Bahgat raises those points only if his appeal of the dismissed claims is "sustained" and the case is "remanded." Bahgat Br. 28 n.6.

## IV.

For the foregoing reasons, we will affirm the District Court's orders dismissing Bahgat's claims.